IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WELTON ENTERPRISES, INC.,
WELTON FAMILY LIMITED PARTNERSHIPS,
3PP PLUS LIMITED PARTNERSHIP, and
HY CITE/WELTON, LLC,

                Plaintiffs,                OPINION AND ORDER

  v.

                                                           13-cv-227-wmc

THE CINCINNATI INSURANCE COMPANY,

                Defendant.

---

    This is a civil action for breach of contract and insurance bad faith under state law. As the basis for federal jurisdiction, plaintiffs cite to 42 U.S.C. § 1332, the federal diversity jurisdiction statute, but fail to allege facts sufficient to establish diversity jurisdiction.

    Diversity jurisdiction is present when a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 42 U.S.C. § 1332. According to the complaint, the contract claim alone is "in excess of $10,000,000," easily satisfying the amount in controversy requirement. (Compl., dkt. #1, ¶28.) The complaint also indicates that plaintiff Welton Enterprises, Inc., is a citizen of Wisconsin for jurisdictional purposes, and that defendant The Cincinnati Insurance Company is a "foreign corporation whose principal place of business is [in] . . . Ohio." This is insufficient, as plaintiffs should have indicated the specific state of incorporation and principal place of business. Even were the court willing to accept plaintiffs' allegations as to these parties, the complaint contains a glaring defect with

1

respect to the three remaining plaintiffs -- two limited partnerships and one LLC -- by mistakenly assuming that the location of the principle office is determinative for jurisdictional citizenship purposes. On the contrary, "the citizenship of a limited partnership is the citizenship of all the partners -- both general and limited -- composing the partnership," *Elston Inv., Ltd. v. David Altman Leasing Corp.*, 731 F.2d 436, 439 (7th Cir. 1984), and "[t]he citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members," *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

## ORDER

IT IS ORDERED that:

1) plaintiff shall have until May 20, 2013, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 6th day of May, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge