IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WELTON ENTERPRISES, INC.,
WELTON FAMILY LIMITED PARTNERSHIPS,
3PP PLUS LIMITED PARTNERSHIP, and
HY CITE/WELTON, LLC,

                          Plaintiffs,                  OPINION AND ORDER

   v.

                                                               13-cv-227-wmc

THE CINCINNATI INSURANCE COMPANY,

                          Defendant.

---

      This civil action for breach of contract and insurance bad faith was originally filed in federal court based on diversity jurisdiction. Both sides now agree that plaintiff Hy Cite/Welton LLC's ("Hy Cite") presence destroys complete diversity by virtue of its inability to disclose the identities of one of its individual members, but differ over what step the court should take in light of Hy Cite having filed a separate lawsuit against defendant Cincinnati Insurance Company ("Cincinnati") in state court. Plaintiffs ask the court to retain jurisdiction over the remaining lawsuit by dismissing Hy Cite as a party pursuant to Fed. R. Civ. P. 21. Cincinnati seeks dismissal of the entire action for lack of jurisdiction on the grounds that Hy Cite is a necessary and indispensible party under Fed. R. Civ. P. 19. For the reasons described below, the court finds that Hy Cite is not a required party within the meaning of Rule 19(a), will dismiss Hy Cite from this lawsuit, and will deny Cincinnati's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

OPINION

The Seventh Circuit Court of Appeals has expressed "reluctan[ce] to dismiss [an entire action under Rule 19] for failure to join where doing so deprives the plaintiff of his choice of federal forum." *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001). Consistent with this reluctance, the Seventh Circuit has also expressed a policy preference for maintaining jurisdiction unless dismissal of an action is plainly mandated. *See Askew v. Sheriff of Cook Cnty, Ill.*, 568 F.3d 632, 634 (7th Cir. 2009) ("Dismissal . . . is not the preferred outcome under [Rule 19]."). Accordingly, the court begins with a preference to grant plaintiffs' request to dismiss Hy Cite -- rather than the entire action -- provided this result is permitted by Rule 19.

Compulsory joinder under Rule 19 is a two-step inquiry. First, Rule 19(a)(1) defines who is a "required party" (a party that must be joined if feasible):

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

2

Fed. R. Civ. P. 19(a)(1). Second, and only if all of the requirements of Rule 19(a)(1) are satisfied, the court asks under Rule 19(b) whether a party who cannot be joined to the suit is so indispensible that the entire action must be dismissed. *Askew*, 568 F.3d at 635.

As for Rule 19(a)(1)(A), Hy Cite's absence would not prevent the court from according "complete relief among existing parties."[1] Fed. R. Civ. P. 19(a)(1)(A). In Hy Cite's absence, the remaining plaintiffs (collectively, "Welton") continue to have standing to assert Welton's separate and distinct claims for breach of contract and bad faith against Cincinnati. A judgment in Welton's favor would result in a valid and enforceable damages award without the need for any input or approval from Hy Cite, just as a claim in Hy Cite's favor would bar any further claim by Welton.[2]

Notwithstanding that only one policy underlies both Hy Cite's and Welton's claims, and that the claims were initially litigated together, Hy Cite and Welton have individual legal claims. Indeed, plaintiff 3PP Plus Limited Partnership asserts a claim under the policy with respect to its three properties, while the other Welton plaintiffs

---

[1] Rule 19 is phrased in such a way that it assumes the party to be compulsorily joined is not already party to the suit. Given the unusual posture in which Rule 19 considerations have come up in this case, the court must temporarily entertain the fiction that Hy Cite is not an "existing party." This is consistent with another fiction used by the court in order to have jurisdiction to enter this order at all. *Cf. Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (court may, under certain circumstances, "disregard, for jurisdictional purposes, the citizenship of certain nondiverse [parties], assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction").

[2] Cincinnati takes pains to point out that it, too, is an "existing party," and demands recognition that the relief that *it* seeks cannot be granted in Hy Cite's absence. Cincinnati is surely a party in suit, but that fact does it no good, for Cincinnati has neither filed a complaint (or counterclaim in this action) against Hy Cite, nor explained what *relief* it is seeking. Moreover, to the extent Cincinnati's unstated relief is a final judgment against all plaintiffs, that does not render Hy Cite indispensable for reasons set forth above.

own nine properties and Hy Cite one property. Contrary to Cincinnati's assertions, each of these properties has a separate limit on recovery for damage to its buildings and pays a separate premium. For example, Hy Cite's property is insured for $8,967,000, for which it pays an annual premium of $9,083 ($6,731 for property, $330 for business income and $2,022 for liability). Accordingly, Hy Cite has its own independent claim for damage to its property and its property alone.

Nevertheless, Cincinnati argues that even separate and distinct legal claims must be joined if they arise out of the same incident (a hailstorm) and involve the same legal questions (coverage for so-called cosmetic damage), because otherwise Cincinnati will have to litigate the same issues twice. While this argument finds some support in the 1966 Advisory Committee Notes to the Federal Rules,[3] the Seventh Circuit has adopted a narrow reading of the Committee's comment: "[t]he term complete relief refers only 'to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992) (quoting *Arkwright-Boston Mfrs. Mutual Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985; 3A J. Moore, *Moore's Fed. Practice* ¶ 19.07–1[1], at 19–96 (2d ed. 1984)). In other words, the fact that Cincinnati may have to fight a parallel battle against a now absent party (Hy Cite) in state court is not dispositive to a Rule 19(a)(1)(A) analysis.

As for Rule 19(a)(1)(B), Cincinnati argues that Hy Cite "claims an interest relating to the subject of the action and is so situated that disposing of the action in [Hy

---

[3] The drafters explained that the "complete relief" language in sub-part (A) of Rule 19(a)(1) was added to further the interests of "the public in avoiding repeated lawsuits on the same essential subject matter."

4

Cite's] absence may" leave Cincinnati "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Again, the court disagrees. Hy Cite's legal interest lies in recovering for damage to its own building, a claim that will never be placed in issue in this court if Welton's suit is allowed to proceed separately. Because their claims are distinct, it cannot be said that Hy Cite claims an interest relating to the subject of the Welton suit. Moreover, Cincinnati has failed to show a "substantial risk" that it may be subjected to inconsistent orders. At most, Cincinnati points out that Hy Cite and Welton are both asserting claims based on a common insurance policy, and share a single first party property coverage limit in the amount of $55,742,731. Since the claims at issue here are purported to total about $10 million, there appears no real risk, much less a substantial risk, that the coverage limit is in danger of being exceeded.[4]

Cincinnati also argues more generally that divergent rulings on the same insurance policy present the sort of inconsistency anticipated by Rule 19(a)(1)(B). For example, Cincinnati may later be found liable to Hy Cite under one interpretation of the policy in state court after being found not liable to Welton under a different interpretation of the exact same policy in this court. Of course, these are inconsistent *results*, not inconsistent or conflicting *obligations*. Cincinnati seems to concede that there is nothing unusual about courts coming to different conclusions as to how to interpret an identical

---

[4] While it may be hypothetically possible that the contract damages awarded separately to Hy Cite and Welton in state and federal court, respectively, *could* together be greater than $55 million, requiring some sort of allocation proceeding between Hy Cite and Welton, the chances of this appear so small (and so lacking in support) as to be a nonfactor in this analysis.

document, but suggests that this case is unique because both Hy Cite and Welton are joint beneficiaries not only of the same standard contract, but of the very same insurance policy. The court is not convinced that this matters. Because Hy Cite and Welton own different insured properties and are owed distinct contractual duties, their rights and duties are distinct as well.

Finally, the court notes in passing that Cincinnati's briefs continuously reiterate, as though a mantra, that plaintiffs are attempting to "game the system" by filing parallel cases. While the court sympathizes with Cincinnati's frustration at being forced to defend arguably similar, though certainly not identical, claims in multiple courts, the present situation is neither particularly unusual nor even necessarily disfavored, particularly for an insurance company. Indeed, even outside the insurance setting, parallel state and federal suits *by the same parties* are a common by-product of our system of concurrent jurisdiction. *See Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 926-27 (D.C. Cir. 1984). Moreover, as plaintiffs point out, their own attempt to proceed in a single lawsuit was thwarted not by any "gamesmanship" on their part, but by the refusal of one of the members of Hy Cite/Welton, LLC, another LLC, to disclose *its* members.

Accordingly, Hy Cite will be dismissed from this lawsuit pursuant to Rules 19(a) and 21, and Cincinnati's motion to dismiss will be denied.[5]

---

[5] Because the court concludes that Hy Cite is not a required party under the Rule 19(a) analysis, it need not reach Rule 19(b). *See Askew*, 568 F.3d at 635.

ORDER

IT IS ORDERED that:

1) Plaintiff Hy Cite/Welton, LLC is dismissed from this case pursuant to Fed. R. Civ. P. 21;

2) Defendant The Cincinnati Insurance Company's motion to dismiss (dkt. #25) is DENIED; and

3) The clerk of court is directed to change the caption of this lawsuit in accordance with this order.

Entered this 5th day of March, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge