IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────

WELTON ENTERPRISES, INC.,
WELTON FAMILY LIMITED PARTNERSHIPS,
and 3PP PLUS LIMITED PARTNERSHIP,

                    Plaintiffs,                  OPINION & ORDER

  v.                                                       13-cv-227-wmc

THE CINCINNATI INSURANCE COMPANY,

                    Defendant.
───────────────────────────────────────────────────────────

      A hailstorm on April 3, 2011 dented metal roof panels on a number of properties belonging to plaintiffs Welton Enterprises, Inc., Welton Family Limited Partnerships and 3PP Plus Limited Partnership (collectively, "Welton"). Although the properties were insured, The Cincinnati Insurance Company ("Cincinnati Insurance") has refused to pay, contending that there is no coverage for the denting under the terms of the insurance policy. Accordingly, Welton brought the present suit for breach of contract and bad faith. This court has jurisdiction under 28 U.S.C. § 1332(a). (*See* Am. Compl. (dkt. #15) ¶¶ 2-4, 6-7.)

      Before the court now are two motions. *First*, Cincinnati Insurance has asked the court to reconsider its decision denying a stay of this case pending appeal in a separate, though related case. (Dkt. #72.) *Second*, Welton has moved for default judgment, based on Cincinnati Insurance's failure to file an answer to the amended complaint. (Dkt. #76.) Both motions will be denied, for the reasons explained briefly below. However, the court *will* order Cincinnati Insurance to file an answer to the amended complaint within ten days of this order.

I.  **Motion to Reconsider**

On August 28, 2014, Cincinnati Insurance moved to stay proceedings in this case pending resolution of cross-appeals in *Advance Cable Company, LLC v. The Cincinnati Insurance Company*, No. 13-cv-229-wmc. That case bears substantial similarities to the present one that go well beyond the fact they share a defendant. In both cases, plaintiffs seek insurance coverage for denting caused by the same hailstorm in April of 2011. The disputed language in both plaintiffs' insurance policies is identical. And, according to Cincinnati Insurance, "[t]here is no dispute that [*Advance Cable*] and the instant case involve the exact same insurance coverage issue[,] . . . which is whether non-structural cosmetic denting constitutes 'direct physical loss' within the meaning of the coverage language[.]" (Mot. to Stay (dkt. #56) ¶ 3.)

In *Advance Cable*, this court found that the language of the policy provided coverage under settled Wisconsin law, even for cosmetic denting of the type described by Cincinnati Insurance. At the same time, it entered summary judgment against the plaintiffs on their claim of bad faith. *See Advance Cable Co., LLC v. The Cincinnati Ins. Co.*, No. 13-cv-229-wmc, 2014 WL 975580 (W.D. Wis. Mar. 12, 2014). Following entry of final judgment, both sides appealed: plaintiffs on the bad faith claim; and Cincinnati Insurance on the issue of coverage. Cincinnati Insurance argues that resolution of that appeal will provide guidance in the present case by definitively resolving the issue of coverage and determining whether Cincinnati Insurance's position precludes a finding of bad faith.

Despite these similarities, however, the court denied the motion to stay after Cincinnati Insurance refused to stipulate that resolution of the coverage question in *Advance Cable* would control with respect to this case as well. (*See* dkt. #71.) Cincinnati Insurance

has now moved for reconsideration, arguing that it has other coverage defenses it wishes to litigate and that Welton's proposed stipulation is, therefore, too broad. Welton again opposes the motion, requesting that the court proceed to resolve any "new" issues of fact or law without further delay. (*See* dkt. #78.)

The court agrees with Welton. If the issues in this case were truly *identical* to those in *Advance Cable*, a stay would make sense as a matter of judicial economy. However, Cincinnati Insurance asserts that other issues, both of coverage and damages, remain to be decided in the present case and will not be resolved by the appeal in *Advance Cable*. Both because this case will need to proceed regardless of the outcome of the appeal in that case *and* because Welton is entitled to proceed without further delays, the court will deny the motion for reconsideration.

## II. Motion for Default Judgment

Additionally, Welton has moved for default judgment against Cincinnati Insurance, because it has not yet filed an answer to Welton's amended complaint. The parties devote substantial space to the background of this motion, which the court summarizes briefly for the sake of context.

Initially, a fourth plaintiff, Hy Cite/Welton, LLC, was joined in this suit. Upon discovery that one of its investors, PEP Hy Cite, LLC, was owned by a firm unwilling to disclose the identities of its individual members, and therefore that plaintiffs could not establish diversity jurisdiction, Welton alerted the court to this jurisdictional problem. The court then ordered briefing to determine whether Hy Cite/Welton could be dismissed from the case. (Dkt. #24.) Cincinnati Insurance filed a motion to dismiss for lack of

jurisdiction, contending that Hy Cite/Welton was a necessary and indispensable party under Rule 19.  The court denied that motion on March 5, 2014, finding that Hy Cite/Welton was not a "required party" and dismissing it from the case.  (Dkt. #53.)

Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Cincinnati Insurance's answer to the amended complaint would ordinarily be due within 14 days of the court's March 5th Order.  However, the court had previously granted the parties' stipulation that Cincinnati Insurance need not answer the amended complaint at all, pending Welton's filing of a second amended complaint.  (*See* dkts. ##18 & 19.)  Because Welton never filed such a complaint, Cincinnati Insurance argues that the "triggering event" never took place, and so it need not have filed an answer.

Welton responds that it advised Cincinnati Insurance multiple times that it did not plan to file a second amended complaint, rendering its contention that it was excused from answering the *first* amended complaint meritless.  Welton further contends that Cincinnati Insurance knew the first amended complaint was the operative pleading, as evidenced by the fact that it subsequently filed a motion to dismiss that complaint, which the court ultimately denied.

Without delving too deeply into the parties' attempts to apportion blame, the court agrees that Cincinnati Insurance must file an answer.  It declines, however, to enter default judgment or preclude Cincinnati Insurance wholesale from offering any affirmative defenses, both because Welton waited more than *eight months* to move for what is, at best, a technical default *and* because Welton can point to no actual prejudice to allowing a late filed answer to the amended complaint.  Should Cincinnati Insurance plead a particular defense that Welton truly believes to be prejudicial for whatever reason, Welton is free to move to strike

4

that defense, and the court will resolve any such motion on an expedited basis to keep this case moving forward to summary judgment.[1]

ORDER

IT IS ORDERED that:

1) Defendant The Cincinnati Insurance Company's motion for reconsideration (dkt. #72) is DENIED.

2) Plaintiffs' motion for default judgment (dkt. #76) is DENIED.

3) Defendant's motion for leave to file a sur-opposition brief (dkt. #85) is DENIED as moot.

4) Defendant is ordered to file an answer to the operative pleading no later than January 9, 2015.

Entered this 30th day of December, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Because the court has denied the motion for default judgment without the need for additional briefing, Cincinnati Insurance's motion for leave to file a sur-opposition brief (dkt. #85) is DENIED as moot.