IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WELTON ENTERPRISES, INC., WELTON FAMILY LIMITED PARTNERSHIPS and 3PP PLUS LIMITED PARTNERSHIP,

                Plaintiffs,

v.

THE CINCINNATI INSURANCE COMPANY,

                Defendant.

ORDER

13-cv-227-wmc

---

Upon learning during a telephonic status conference held yesterday, September 24th, that plaintiffs' counsel was laboring under the misimpression that the court had afforded plaintiffs the right to make a new proffer on their bad faith claim on the morning of jury selection -- ostensibly based on comments of the court during the final pretrial conference held on Tuesday, September 22nd -- the court will endeavor in writing in this order to state simply what actually remains for trial, as well as what is expected from the parties in advance.

As a preliminary matter, having reviewed the rough transcript from the final pretrial conference, it is plain that plaintiffs' counsel was not listening with any care, or as likely simply heard what he or perhaps his client wanted to hear.[1]  Contrary to plaintiffs' counsel's characterizations yesterday, the court *repeatedly* stated during Tuesday's pretrial conference, including in the context of discussing plaintiffs' motion for reconsideration, that plaintiffs' bad faith claim was no longer in this case.  (For example, the court stated at various times

---

[1] Perhaps this should be unsurprising, since misunderstandings have marked the interactions between the parties since shortly after the hail storm at issue here.  Defendant's counsel also shares in the confusion by stating in a letter it electronically filed on Wednesday, September 23rd, the day after the pretrial conference, that it understood the court wanted to "hear offers of proof" on "plaintiffs' bad faith case" on the morning of jury selection.

that "bad faith is out," "the bad faith issue is one that has been decided as a matter of law" and, again, "bad faith is out.")

In an obviously failed attempt to avoid confusion, the court *did* state during the pretrial conference that *defendant's* counsel would have the opportunity to make a written proffer with respect to its noncooperation defense by noon on Thursday, in advance of yesterday's telephonic conference. If necessary, the court also indicated that it would hear evidence on this defense on the Monday of trial outside the jury's presence. Only in the context of such a hearing did the court refer to *plaintiffs'* counsel proffering counter-evidence regarding Cincinnati's own lack of cooperation. Toward the end of the final pretrial conference, in response to defendant's counsel expressing a concern about "whether bad faith and cooperation are in or out," the court even emphasized that: "bad faith is out and noncooperation is teetering" for lack of a showing of prejudice. The court then indicated that it would take up the noncooperation defense on Monday morning if defendant had shown "by Thursday afternoon whether there's anything to try." Despite all this, plaintiffs' counsel somehow heard from this exchange that plaintiff had a renewed opportunity -- on the morning of trial – to present evidence on the issue of bad faith, including additional evidence that plaintiffs should have, but did not, present at summary judgment.

As explained at the outset of the conference yesterday afternoon, since defendant failed to come forth with either facts or law supporting its claim of prejudice due to plaintiffs' claimed noncooperation, defendant was precluded from presenting that defense at trial and, of course, there would be no need for an evidentiary hearing.

Histrionics from plaintiffs' counsel followed.[2] Even so, in direct contrast to plaintiffs' counsel's protestations of unfairness, the court *did* give plaintiffs one last opportunity to make a proffer in writing on its bad faith case, provided it designated what facts had been presented to the court in support of its bad faith claim *at summary judgment*. As plaintiffs' counsel is hopefully now fully well aware, plaintiffs' bad faith claim against defendant was denied at summary judgment and has not been reconsidered. Nevertheless, the court will carefully consider any written proffer on bad faith that plaintiffs submit today.

## ORDER

IT IS ORDERED that:

1) defendant is precluded from presenting its non-cooperation defense;

2) plaintiffs may submit a written proffer on their bad faith claim by the end of the day on Friday, September 25;

3) the court will hold a final conference at 10:30 am and begin selecting a jury at 11:00 am on Monday, September 28; and

4) the trial will begin at 8:30 am on Wednesday.

Entered this 25th day of September, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] At one point, plaintiffs' counsel exhibited his perceived sense of unfairness by exclaiming "geez louise!" The court attributes plaintiffs' counsel's lack of decorum during this telephonic hearing to fatigue and surprise, but expects no similar outburst, especially in the presence of the jury.