IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WELTON ENTERPRISES, INC., WELTON FAMILY LIMITED PARTNERSHIPS, and 3PP PLUS LIMITED PARTNERSHIP,

                Plaintiffs,

v.

THE CINCINNATI INSURANCE COMPANY,

                Defendant.

ORDER

13-cv-227-wmc

---

On September 29, 2015, the court dismissed this case, having been advised that the parties had reached a settlement agreement. The court's order dismissing the case made clear that "[a]ny party may move to reopen for good cause shown," signifying the court's intention to retain jurisdiction over the case for the purpose of enforcing the settlement agreement in the event that the parties did not honor its terms. *See Morisch v. United States*, 709 F. Supp. 2d 672, 675 (S.D. Ill. 2010) ("Retaining jurisdiction over the enforcement of a settlement agreement does not require a district court to use 'any magic form of words' and instead 'all that is necessary is that it be possible to infer that the court did intend to retain jurisdiction.'") (brackets omitted) (quoting *In re VMS Sec. Litig.*, 103 F.3d 1317, 1321 (7th Cir. 1996) (overruled on other grounds by *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 n.1 (7th Cir. 2010))).

Defendant The Cincinnati Insurance Company has filed a motion to reopen the case and for leave to file an interpleader complaint (dkt. #178) on the basis that plaintiffs have breached the parties' settlement agreement, the terms of which the parties

memorialized via email. In particular, defendant claims that plaintiffs were obligated to provide a release in exchange for its payment of $3.1 million. Plaintiffs' failure to fulfill their part of the bargain is presumably due to a dispute among plaintiffs, plaintiffs' counsel and plaintiffs' former counsel regarding the proper distribution of the settlement proceeds.

Regardless, defendant has made a showing of good cause to reopen the case and plaintiffs have filed no response to defendant's motion. Accordingly, defendant's motion will be granted. The court will also grant proposed intervenor Future Foam, Inc.'s motion to intervene as an interpleader defendant (dkt. #182), given that Future Foam also claims an interest to the settlement proceeds by virtue of an assignment from plaintiff Welton Family Limited Partnerships.[1]

ORDER

IT IS ORDERED that:

1. Defendant The Cincinnati Insurance Company's motion to reopen the case (dkt. #178) for the limited purpose of enforcing the parties' settlement is GRANTED.

2. Defendant's related motion for leave to file an interpleader complaint (dkt. #178) and Future Foam's motion for leave to intervene as an interpleader defendant (dkt. #182) are also GRANTED.

3. Defendant may file and serve on the interpleader defendants a copy of this order and its complaint and summons, as well as deposit the full amount of settlement

---

[1] Accordingly, defendant and proposed intervenor's other pending motions (dkt. ##181, 183) are denied as moot.

proceeds into the court pursuant to Federal Rule of Civil Procedure 67(a) within 14 days of this order.

4. Interpleader defendant may have 21 days from service of that complaint to answer, move or otherwise respond.

5. The court will hold a telephonic scheduling conference on this remaining dispute on January 26, 2017, at 1:00 p.m., Welton is to initiate the call to the court.

Entered this 13th day of December, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3